By the Court.—Ingraham, J.
—This action was brought to recover the sum of $1,006.44, the contract price of fifty-six bales of rags delivered to defendant under two contracts for the sale of four hundred and fifty bales at an agreed price per pound, of which one hundred and ten bales were delivered and paid for, and fifty-six bales were delivered and not paid for, and this action was brought to recover the contract price of the said fifty-six bales, so delivered.
From the verdict of the jury, they must have found that the time at which the rags were due here under the contract, was the middle of January or the first of February, 1880. Plaintiff offered to deliver the balance of the four hundred and fifty bales contracted for, but defendant refused to receive them, and claimed damages for the nondelivery of the said balance by way of counter-claim. The jury found in favor of the defendant for $3,465.18, damages, and after deducting the amount due plaintiff for the fifty-six bales delivered, rendered a verdict in favor of defendant against plaintiff for $2,863.74.
There were two contracts between the parties, both dated October 29, 1879. One was for two hundred bales, for prompt sail shipment, and one for two hundred and fifty bales, prompt steamer shipment; terms cash in thirty days from delivery. There was evidence tending to show that prompt shipment by sailing vessel meant shipment- *320 within thirty days from receiving order; and by steamer within two weeks irom receiving order.
The two hundred and eighty-four bales were not shipped until after March I, 1880, and did not arrive in New York until on or after March 25, 1880, when defendant declined to take them on the ground of the long delay in shipment. It further appears that defendant, between the date of contract and the first part of March, sent messages to plaintiff by the broker through whom the sale was made, hurrying the fulfillment of the contract, and that on March 2, plaintiff, to comply with defendants repeated demands, and with his knowledge and without objection from him, telegraphed to his correspondent at Leghorn to ship one hundred and forty-four bales by steamer (that being the balance of the rags unshipped), and in accordance with that telegram, the balance was shipped.
The first intimation that defendant gave that he would decline to receive the balance of the rags was on March 25, 1880.
The plaintiff requested the court to charge that “the burden of proof is upon the defendant to show that there were opportunities for shipping the rags from Leghorn, of which plaintiff did not avail.” The court refused to charge as requested, and plaintiff excepted. There can be no doubt but that the burden of proof of the counter-claim was on the defendant. He took the affirmative on the trial and was bound to prove his cause of action, by a fair preponderance of evidence,; but the court was not requested to charge that defendant was bound to prove his cause of action, but that he was bound to prove that there were opportunities of shipping from Leghorn of which the plaintiff did not avail himself. The plaintiff had sold to defendant the rags, and had agreed that they should be promptly shipped, and the payment was to be cash in thirty days from delivery; and he was bound, under his contract, to ship them promptly and deliver them to the defendant; and if he had been prevented from shipping promptly, by any ■condition of things which would have excused his perform *321 -■anee of his agreement, he should have alleged and proved, such excuse upon the trial. There was no such allegation in the reply, nor was there any evidence tending to show such an excuse, on the trial (New Haven & Northampton Co. v. Quintard, 31 Super. Ct. 89). We do not think, therefore, it was error to refuse to charge that the burden was on defendant, to prove that plaintiff should not be excused from the performance of his contract.
The judge also charged that, when plaintiff made the sale, he must be presumed to have the goods in hand which he sold, and to have provided facilities to comply with his contract, and to this charge plaintiff excepted. The general term of this court in the case of the New Haven & N. Co. v. Quintard (supra), held this to be the rule. It appears, however, from what follows the portion of the charge excepted to, that what the court meant to say was, that when a man sells goods and agrees to deliver them at a certain time he cannot excuse himself by saying that he sold the goods expecting to purchase them, but could not purchase them ; and the. judge then left it to the jury to say from the evidence what the words “prompt shipment” required the plaintiff to do, and whether plaintiff did or did not comply with his contract by the shipments that her* made. Taking the whole charge together, we think that there was no error in this respect of which plaintiff can complain. The same remark applies to the charge that the obligation was on plaintiff to provide means of shipment. What was meant was, that when plaintiff undertook and agreed to “ship promptly” and deliver to defendant, it was part of the agreement that he would provide facilities for such shipment, and we think that if for any reason he should have been excused from such shipment, he must allege the facts justifying such excuse and prove them on the trial.
The only remaining question that requires examination is the contention of the plaintiff that the defendant, in requesting plaintiff to deliver the rags, waived the breach, in the contract, or extended the time for the fulfillment off *322 the contract. After a careful examination of the whole charge, we are of the opinion that there was no error which requires a reversal of the judgment. The judge charged;■ “In order for you to find a waiver in this cas.e, you must find that Mr. Taylor, by his conduct, before the time when Mr. Phillips should have performed, misled Mr. Phillips so-that he shall be estopped from saying I claim damages, because the contract was not performed in time ; or, that after the time when the contract should have been performed, a new consideration flowed from one to the other amounting to a consideration for-a waiver ; ” and, after the charge, on the attention of the court being called to the point, said, “I leave it to the jury to say whether the evidence in reference to the importunity of the defendant misled Mr. Phillips and therefore created an estoppel; ” and again, the court, in response to a request by plaintiff, said, “If the jury find that the party is misled, and he does acts which he would not otherwise do, and which he would not be bound in law to do if he chose to take advantage of the -waiver, then it is sufficient consideration for the waiver.”
The general term of this court held in the case of Hill v. Blake (48 Super. Ct. 253), that after the time of performance was past, an arrangement made between the parties for the performance of the contract at a different time is not binding unless supplemented by a new consideration. That a new contract with a new consideration is necessary to waive the obligation.
We think that the direction of the court in this case was in accordance with the rule as laid down in Hill v. Blake (See Brown v. Bowen, 30 N. Y. 541; Underwood v. F. J. S. I. Co., 57 Id. 506).
We do not think that there was any error in the admission or rejection of evidence, that requires a reversal of the judgment.
The judgment should be affirmed with-costs.
Sedgwick, Ch. J., and Truax, J., concurred.